IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

LYDELL CORNELIUS DULIN,            )
                                   )
            Petitioner,             )
                                   )
      v.                           )     1:08CV664
                                   )     1:07CR169-11
UNITED STATES OF AMERICA,          )
                                   )
            Respondent.             )

### MEMORANDUM OPINION AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner Lydell Cornelius Dulin, a federal prisoner, has filed a motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (Docket No. 284.)[1] Petitioner was indicted for, and later pled guilty to, one count of distribution of cocaine base and cocaine hydrochloride. (Docket Nos. 1, 127.) The factual basis supporting his guilt stated only that he was responsible for "five or more grams" of cocaine base. (Docket No. 125.) Following his plea of guilty and prior to sentencing, Petitioner was interviewed by a United States Probation Officer and law enforcement officials. According to Respondent's response brief, these interviews resulted in Petitioner being held accountable for just over 3.7 kilograms of cocaine base at sentencing. Petitioner was also classified as a career offender under U.S.S.G. § 4B1.1. However, because the offense level calculated using the 3.7 kilograms of cocaine base was higher, Petitioner was sentenced based on the drug amount. This resulted in a one-level increase in

---

[1]This and all further cites to the record are to the criminal case.

his offense level at sentencing over what it would have been if the career offender guideline range had been used.  Petitioner's Guidelines sentencing range was increased from 262 to 327 months under the career offender guideline to 292 to 365 months based on the drug amount.

Petitioner's current motion under § 2255 raises a number of claims based on ineffective assistance of counsel.  In those, he argues that counsel erred by failing to enter into a proper agreement protecting him from statements he made to law enforcement and the United States Probation Officer during post-plea interviews.  He also claims that counsel failed to make proper mitigation arguments at sentencing.  Finally, he adds two general claims that the Probation Officer erred by including information in the Presentence Report which was based on his interview with her and that the sentencing judge erred by using the debriefing information against him at sentencing.

As just set out, most of Petitioner's claims are tied directly to his allegation that counsel provided ineffective assistance of counsel by failing to protect him during post-plea interviews.  In order to prove ineffective assistance of counsel, a petitioner must establish, first, that his attorney's performance fell below a reasonable standard for defense attorneys and, second, that he was prejudiced by this performance.  See Strickland v. Washington, 466 U.S. 668 (1984).  To establish prejudice, Petitioner must show that there is a reasonable probability that but for counsel's

unprofessional errors, the result of the proceeding would have been different.  Id. at 694.

In its response, Respondent concedes that counsel did fail to protect Petitioner during the law enforcement interview, that he should have secured that protection, and that Petitioner was prejudiced at sentencing as a result.  Respondent requests that Petitioner's sentence be vacated and that he be resentenced.  Respondent anticipates that Petitioner will be resentenced as a career offender and without regard to any drug amount.  It also states that the resentencing will moot Petitioner's claim that counsel failed to present mitigating evidence because counsel can present any such evidence at resentencing.

Petitioner has replied to the response and stated that he agrees that he should be resentenced, but disagrees with the conclusion that he should be resentenced as a career offender.  He believes that he should be able to raise arguments that his prior convictions are unreliable or that the career offender designation overstates his criminal history.

Having viewed the submissions of the parties, the undersigned agrees that Petitioner's motion should be granted to the extent that his prior sentence is vacated and that he is provided new counsel and a resentencing that does not take the deficient actions of prior counsel into account.  As for any issues that either party wishes to raise at the resentencing, it is best to have those raised and resolved by the sentencing judge at that time.  Also, as

Respondent points out, the fact that a resentencing will be held moots any other issues raised in Petitioner's § 2255 motion.

**IT IS THEREFORE RECOMMENDED** that Petitioner's motion to vacate, set aside, or correct sentence (Docket No. 284) be **GRANTED** as to his claims that counsel provided ineffective assistance of counsel by failing to secure a protection agreement prior to allowing Petitioner to be interviewed by law enforcement. His sentence should be vacated, counsel should be appointed, and a resentencing should be held. The remainder of the motion should be **DENIED** for being moot.

                                              /s/ Donald P. Dietrich
                                                **Donald P. Dietrich**
                                     **United States Magistrate Judge**

June 17, 2009